UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **HASKELL D. WALL** | **CIVIL ACTION NO. 3:13-cv-0696** |
| La. DOC # 530111 | |
| VS. | **SECTION P** |
| | **JUDGE JAMES T. TRIMBLE, JR.** |
| **WARDEN STEVE RADER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Haskell D. Wall, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2254 on April 1, 2013. Petitioner claims that the Department has refused to give him credit against his sentence for time served in custody prior to conviction; and alternatively that the sentencing court erred when it denied his motion for clarification of sentence which sought credit for time served. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as duplicative and for failing to exhaust available state court remedies.

*Background*

Petitioner was charged with attempted manufacture of methamphetamine in the Fifth Judicial District Court, Franklin Parish. On September 9, 2010, he pled guilty to the offense and was sentenced to serve 8-years at hard labor. According to petitioner, the trial judge ordered that he be credited for time served from April 7 through September 9, 2010. [Doc. 1-2, ¶1-2] Thereafter, he claims the Department "...failed to provide the petitioner with the prior custody

credits for time spent in actual custody from the date of from April 7, 2010, thru September 9, 2010." [Doc. 1-2, ¶3]

On November 8, 2010, he filed a pro se Motion for Clarification of Sentence in the Fifth Judicial District Court.  In the motion he alleged that the trial court had ordered that he be credited for time served, but that the Department did not provide credit and thus did not apply the sentence in accordance to the way the Trial Court imposed it.  Petitioner asked the trial court to impose the sentence so as to credit him for time served between April 7 and September 9, 2010. [Doc. 1-3, pp. 3-] On December 2, 2011, the District Court denied the motion without comment. [Doc. 1-3, p. 3]

Thereafter, on December 15, 2011, petitioner filed a pro se Petition for Writs of Certiorari, Prohibition, Mandamus, and Review in the Second Circuit Court of Appeals.  Therein petitioner again alleged that sentence imposed following conviction provided that he be credited for time served from April 7-September 9, 2010, and, that the Department failed to provide the custody credits as ordered.  He also claimed that the District Court erred in denying his motion and that the Court violated La. C.Cr.P. art. 880 which mandates credit for time served. [Doc. 1-3, pp. 6-11]

On February 16, 2012, the Court of Appeals denied writs and noted, "The applicant ... seeks review of the trial court's denial of his motion to clarify his sentence. In the motion to clarify, the applicant contends that the Department of Corrections has failed to give him the proper credit for time served." The Court then noted that La. R.S.15:571.15 mandates that venue in an action in which an inmate committed to the Department contests the computation of his sentence, discharge, or good time dates shall be in East Baton Rouge Parish. *State of Louisiana v.*

*Haskell D. Wall*, 47,211-KH. [Doc. 1-3, p. 12]

On March 7, 2012, petitioner sought further review in the Louisiana Supreme Court advancing the same argument, namely, that despite the order of the sentencing court providing for credit for time served, the Department has failed to provide that credit. Petitioner also alleged that "[t]he Trial Court failed to provide the prior custody credits spent in actual custody prior to sentencing and conviction." [Doc. 1-3, pp. 13-21] On September 12, 2012, the Supreme Court denied writs without comment. *State of Louisiana ex rel. Haskell D. Wall vs. State of Louisiana*, 2012-0591 (La. 9/12/2012), 98 So.3d 300. [Doc. 1-3, p. 22]

Petitioner filed his first *habeas corpus* petition on October 15, 2012. He argued that although the trial judge imposed the sentence giving him credit for time served between April 7 and September 9, 2010, the Department failed to provide petitioner with the court-ordered custody credits. Elsewhere, however, he argued, "A review of the record reveals one error patent. La. Code Crim. P. Art. 880 provides that when imposing a sentence, the court shall give the Defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so." [*Haskell D. Wall v. Steve Rader*, Warden Civil Action No. 3:12-cv-2690 at Doc. 1-1, p. 7] On January 22, 2012, the undersigned recommended dismissal of the petition because petitioner failed to exhaust available State court remedies. [Civil Action No. 3:12-cv-2690 at Doc. 4] Petitioner did not object and on February 27, 2013, Judge Robert G. James adopted the report and signed a judgment dismissing the matter without prejudice. [Civil Action No. 3:12-cv-2690 at Doc. 5] Petitioner did not appeal.

Instead, on April 1, 2013, he filed the instant civil action and provided pleadings and exhibits identical to those filed in Civil Action No. 3:12-cv-2690.

3

*Law and Analysis*

The instant petition is identical to the petition previously filed. However, since that petition was dismissed without prejudice, the instant petition should not necessarily be considered second or successive and subject to the requirements of 28 U.S.C. §2244. *Strickland v. Thaler*, 701 F.3d 171 (5th Cir. 2012). Nevertheless, petitioner has clearly failed to exhaust available State-court remedies with respect to his inconsistent claims for relief and therefore, for the reasons recited in the Report and Recommendation filed in Civil Action No. 3:12-cv-2690 at Doc. 4, it is again recommended that the petition be dismissed. However, since the instant civil action is identical in every way to the previous civil action, it is recommended that this dismissal be with prejudice.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** as duplicative and because petitioner has once again failed to exhaust available state court remedies prior to seeking *habeas corpus* relief pursuant to §2254.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, June 11, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE